IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DERRICK J. ELLERBE,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-3319 |
| | : | |
| **THE JUDICIAL OFFICER,** | : | |
|     Defendant. | : | |

**MEMORANDUM**

**BAYLSON, J.**                                                                                                       **SEPTEMBER 7, 2023**

Derrick J. Ellerbe, a frequent *pro se* litigant who has previously been the subject of two pre-filing injunction orders, filed a Complaint seeking injunctive relief against "The Judicial Officer." (Compl., ECF No. 2.) Ellerbe also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted and the Complaint will be dismissed as frivolous.

I.      FACTUAL ALLEGATIONS

Ellerbe asserts federal question jurisdiction to raise statutory and constitutional claims. The only information Ellerbe provides about the named Defendant Judicial Officer is that this person is located in Arlington, Virginia. (*Id*. at 3.) Ellerbe asserts he is suffering a legal wrong because of agency action by the Defendant but offers no other information about the Judicial Officer. (*Id*. at 4.) He also alleges that the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit have engaged in corruption, official oppression, organized crime, constitutional violations, and violations of Supreme Court rules. (*Id*. at 3.) Other than citations to statutes and court rules, Ellerbe provides no facts beyond these conclusory allegations and does not state how these allegations relate to a Judicial Officer located in Arlington, Virginia. He asserts he has been injured because agency

action has violated his rights through arbitrary conduct in excess of statutory authority and jurisdiction, that the Bill of Rights "is not applicable to plaintiff," he has suffered a "loss of my Constitutional freedom pursuant to XIII Amendment," and he was kidnapped and held captive from April 2, 2013 to October 4, 2013 without due process at prisons in Philadelphia.  (*Id*. at 5.)  For relief on his claims, Ellerbe seeks an investigation by the FBI, Department of Justice, the Attorney General, and an independent prosecutor.  (*Id*.)

## II.   STANDARD OF REVIEW

The Court grants Ellerbe leave to proceed *in forma pauperis*.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*.  Also, under § 1915(e)(2)(B)(i) "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012).  As Ellerbe is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Ellerbe's claim against the Judicial Officer is legally baseless because it is wholly unsupported by any allegation concerning the alleged agency action or how that action impacted Ellerbe.  Moreover, Ellerbe again asserts in conclusory terms that he has been kidnapped and held captive, suffered a violation of his Thirteenth Amendment rights without due process, and that the Courts have acted improperly.  Ellerbe has been enjoined from bringing these types of claims in new lawsuits.  The Court entered two prefiling injunction orders against Ellerbe due to

his repeated conduct alleging nearly identical claims.  On September 19, 2020, in an Order entered in *Ellerbe v. The President of the U.S., et al.*, Civ. No. 20-211, Ellerbe was enjoined from filing "any future actions concerning the identical, untimely allegations raised in that case and at least six prior cases alleging he was followed, harassed, kidnapped, or held captive by governmental agents or entities."[1]  (*Id*., ECF No. 6.)  The United States Court of Appeals for the Third Circuit denied a petition for writ of mandamus filed by Ellerbe in that case.  (*See id*., ECF No. 7.)

The second injunction was entered in *In re Derrick J. Ellerbe*, Civ. No. 21-3807 (ECF No. 4).[2]  In an Order filed on September 20, 2021, a self-executing injunction was entered directing the Clerk of Court to refuse to accept for filing under Federal Rule of Civil Procedure 5(d)(4) "any additional pleadings, except a notice of appeal, in this civil action or any new civil action received from Derrick J. Ellerbe that falls within the scope of the Court's September 19, 2020 Order entered in Civ. A. No. 20-211. . ."  The Order also provided that, "[if] Ellerbe submits any paper to the Clerk of Court that falls within the scope of [the injunction] the Clerk of

---

[1] The six prior cases referenced in the Order in which Ellerbe had raised similar claims were *Ellerbe v. The United States Government*, Civ. No. 17-2425; *Ellerbe v. U.S. Federal Government*, Civ. No. 17-1475, *Ellerbe v. The Mayor of Philadelphia*, Civ. No. 19-2716, *Ellerbe v. The PA General Assembly*, Civ. No. 19-3554, and *Ellerbe v. The PA Governor and Executive Branch*, Civ. No. 19-6043.  Ellerbe also raised similar claims in other cases including *Ellerbe v. City of Philadelphia*, Civ. No. 13-6550, *Ellerbe v. City of Philadelphia*, Civ. No. 13-7492, *Ellerbe v. United States Postal Service*, Civ. No. 14-152, *Ellerbe v. City of Philadelphia*, Civ. No. 14-4495, *Ellerbe v. The United States Government*, Civ. No. 14-5041, *Ellerbe v. United States Government Office of Personnel Management*, Civ. No. 14-5135, *Ellerbe v. The U.S. Attorney General*, Civ. No. 17-1473, *Ellerbe v. U.S. Government Officers*, Civ. No. 17-1474, and *Ellerbe v. The United States and its Agencies*, Civ. No. 19-2718.

[2] In a case filed the same day, *Ellerbe v. The U.S. Government*, Civ. No. 21-3806 (E.D. Pa.), allegations that Ellerbe was kidnapped outside his home in Philadelphia on April 12, 2013 were dismissed as frivolous and Ellerbe was again enjoined from filing additional pleadings raising the same claims.  (*Id*., ECF No. 4.)

Court is **DIRECTED** to return the paper to him with a copy of this Order and the Court's September 19, 2020 Order entered in Civ. A. No. 20-211 (ECF No. 6)." *Id*. at 1-2 (emphasis in original). Thereafter, the United States Court of Appeals for the Third Circuit denied Ellerbe's petition for writ of mandamus. (*See id*., ECF No. 5.) The effect of the two Orders was to authorize the Clerk of Court to refuse to accept for filing any new case Ellerbe submitted that raised the same claims as those already adjudicated against him. The Court notes that, since the September 19, 2020 Order was entered, the Clerk of Court has repeatedly returned complaints submitted by Ellerbe because they fell within the scope of the injunction.

While entirely unclear, Ellerbe's allegation that this Court and the Third Circuit have engaged in improper conduct may relate to this Court's enforcing its injunction orders by the Clerk's refusal to accept his pleadings, and the Third Circuit's dismissal of his mandamus petitions. This conduct was neither improper nor does Ellerbe explain how it relates to the named Judicial Official in Arlington, Virginia. The injunction was an appropriate response to Ellerbe's repeated and contumacious acts seeking to bring factually frivolous and legally baseless claims that he was kidnapped and harassed by government officials. Unfortunately, Ellerbe has failed to grasp the reality that once a claim has been rejected a litigant may not reassert the same claim by filing new lawsuits naming the same or different defendants. Accordingly, Ellerbe's Complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). No leave to amend will be given because amendment would be futile. An Order follows.

                                        **BY THE COURT:**

                                        /s/ Michael M. Baylson

                                        **MICHAEL M. BAYLSON, J.**